NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JOSEPH ALOYSIUS REDMOND, petitioner,

*v.*

JOHN A. COOK, respondent.

**Hernia—Date of Injury Not Definitely Fixed—Requirements
of Statute in Hernia Cases not Complied With.**

On petition for compensation. Findings of fact a determination. Dismissal.

\* \* \* This is a case wherein the petitioner claims that some time during the months of July and October, 1923, while lifting a radiator, he sustained a hernia. The testimony is quite clear and convincing that the petitioner failed to proof a day certain on which he alleged he sustained a hernia. On his direct examination he testified that he could not fix the day and month of the occurrence of the hernia, and testified further that he did not refrain from work, but continued to work steadily until some time in the month of October, 1923. He further testified that the first medical attention he received was on November 6th, 1923. It further apears that this is not a case of traumatic hernia but one of the pre-congenital type or of the slow-developing kind. It is obvious that the petitioner did not comply with a single requirement as contained in subdivision (X), paragraph 11 of the Workmen's Compensation act.

For the above reasons, I find in favor of the respondent, John A. Cook, and against the petitioner, Joseph Aloysius Redmond, and dismiss the petition.